IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MACK TRUCKS, INC. :
: CIVIL ACTION
v. :
: NO. 07-3737
INTERNATIONAL UNION, :
UNITED AUTOMOBILE, AEROSPACE :
& AGRICULTURAL IMPLEMENT :
WORKERS OF AMERICA - UAW, ET AL.:

**MEMORANDUM**

**SURRICK, J.** MAY __, 2011

Presently before the Court is the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Proposed Notice to the Class. (ECF No. 56.) For the following reasons, the Motion will be granted.

### I. BACKGROUND

Mack Trucks is a corporation that manufactures trucks and truck parts. Mack employs members of the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") at its manufacturing facilities. Since the 1970s, Mack and the UAW have entered into collective-bargaining agreements that provide healthcare benefits for certain Mack retirees, spouses, dependents, and surviving spouses. In recent years, Mack has experienced financial difficulties. Citing its inability to continue to pay medical benefits under the prior agreement, Mack informed the UAW that it planned to unilaterally change the benefits of current retirees effective April 1, 2008. The UAW opposed these changes.

On September 7, 2007, Mack filed a declaratory-judgment action in this Court seeking a declaration of its right to change the benefits under the Mack-UAW retiree medical program.

(ECF No. 1.) On March 20, 2008, the matter was placed in civil suspense while the parties pursued settlement negotiations. (ECF No. 25.) On November 12, 2008, the UAW and seven retirees commenced a class action against Mack in the Eastern District of Michigan alleging that the retirees' healthcare benefits were vested benefits not subject to unilateral change. That class action was transferred to this Court and subsequently consolidated with the declaratory-judgment action. (ECF No. 60.)

On September 4, 2009, the Court appointed Class Counsel and certified the following class:

> All persons who, as of June 1, 2009 were: (a) Mack/UAW retirees who were covered by a Mack/UAW master agreement and who had retired from Mack with eligibility to participate during retirement in the MACK-UAW insurance program, or (b) the spouses, surviving spouses and dependents of Mack/UAW employees who were covered by a Mack/UAW master agreement and who, as of June 1, 2009 were eligible for post-retirement or surviving spouse health care coverage under the Mack-UAW insurance program as a consequence of a Mack/UAW employee's retirement from Mack or death prior to retirement, is hereby certified.

Order, *Rachilla v. Mack Trucks, Inc.*, No. 09-622 (E.D. Pa. Sept. 4, 2009), ECF No. 18.

Class Counsel and the UAW retained economic and actuarial experts to evaluate Mack's financial data and the effect of potential changes to Mack's benefits framework. (Joint Mot. Approval Exs. 11 (Leon Potok Dec.), 12 (Nitin V. Paranjpe Dec.), 13 (Suzanne Taranto Dec.).) On March 18, 2011, the parties filed the instant Joint Motion for Preliminary Approval of Class Action Settlement and Proposed Notice to the Class. On May 9, 2011, we held a hearing on the Joint Motion.

In their proposed settlement, the parties have agreed to create a Voluntary Employees Beneficiary Association ("VEBA") trust to fund a new healthcare plan for the Class and certain

other Mack employees and their spouses, dependents, and surviving spouses. (*Id.* Ex. A.) Under the terms of the settlement, Mack and its corporate parent, AB Volvo, have agreed to contribute $525 million in cash to the VEBA in five annual installments. The Class is currently covered by a restructured plan, which was agreed to earlier in the negotiations and has been in effect since October 1, 2009. Mack and the UAW's proposed plan incorporates the terms and conditions of the restructured plan.

Under the proposed settlement, the VEBA trust will be administered by a VEBA committee, which will consist of seven members. The UAW will appoint three members of the committee and the remaining four members will be independently appointed. Mack will have no representative on the committee. Class Counsel acknowledge that the benefits under the restructured plan are reduced from the retiree medical benefits offered in previous collective-bargaining agreements between Mack and UAW. In addition, the restructured plan requires cost sharing and monthly contributions by participants. Class Counsel's expert estimates that based on actuarial assumptions and calculations, the VEBA's funding under the settlement will cover 85% of the projected cost of benefits under the restructured plan. (Taranto Dec. 4.) Based on this prediction, it is likely that the VEBA committee will have to reduce benefits and shift more costs to participants.

Despite such reductions, Class Counsel and the UAW argue that the settlement provides substantial benefits to the Class. The settlement significantly reduces uncertainties regarding the availability of future medical coverage. The settlement removes the risk of an adverse litigation result in a case governed by a body of complex federal law. The settlement secures up-front cash funding from Mack, rather than notes, securities, or other obligations, which are all dependent on

3

Mack's future financial performance. The settlement provides that Mack's payment obligation is guaranteed by its corporate parent, Volvo. And, if Mack were to become insolvent, the VEBA assets will be insulated from the claims of Mack's creditors.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Final approval of a class-action settlement requires the court to determine whether the settlement is fair, reasonable, and adequate. *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 592 (3d Cir. 2010). Prior to granting final approval, a court must first decide whether preliminary approval should be granted. The Manual for Complex Litigation describes this process as follows:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this intial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties. . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the . . . proposed settlement, and date of the fairness hearing.

Manual for Complex Litigation (Fourth) § 21.632 (2008).

"In evaluating a settlement for preliminary approval, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute." *In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2004 WL 1068807, at *2 (E.D. Pa. May 11, 2004) (quoting *Thomas v. NCO Fin. Sys.*, No. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002)). Instead, the court must determine whether the "proposed settlement discloses

4

grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *Thomas*, 2002 WL 1773035, at *5 (citing *In re Prudential Sec. Inc. Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995)). This analysis often focuses on whether the settlement is the product of arms-length negotiations. *See Tenuto v. Transworld Sys., Inc.*, No. 99-4228, 2001 WL 1347235, at *1 (E.D. Pa. Oct. 31, 2001).

## III. DISCUSSION

The proposed settlement here is the result of over a year of arms-length negotiations between Class Counsel, counsel for the UAW, and counsel for Mack. The case involves a difficult and unsettled issue under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, concerning whether the Class has vested, lifetime healthcare benefits that can not be terminated or modified by Mack. The outcome of this case is far from certain and the risks of litigation are high for all interested parties. The proposed settlement provides the retirees with significant lifetime medical benefits. The VEBA trust will be administered by a committee that is devoted to furthering the retirees' interests. Moreover, the parties have had sufficient opportunity to evaluate the strengths and weaknesses of their opponent's arguments as well as calculate the costs and benefits of any proposed settlement. Class Counsel and the UAW retained experts to evaluate Mack's financial and business condition. Based on all of this information, Class Counsel determined that the proposed settlement constitutes a fair and reasonable resolution of this litigation. Finally, Class Counsel has provided the appropriate federal and state officials with material regarding the pending settlement and to date the officials have voiced no objections to the terms of the agreement. Under the circumstances, we are

satisfied that the proposed settlement is fair and falls well within the range of reasonableness.

Federal Rule of Civil Procedure 23(e)(1) provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The parties have jointly submitted a notice of class-action settlement. (Joint Mot. Approval Ex. B.) The notice provides all pertinent information in clear and understandable language. The notice describes the nature of the controversy and the terms of the proposed settlement, and informs Class Members of their right to object, the objection procedure, and the date and location of the fairness hearing.

Mack estimates that there are 9,368 individuals in the Class. The parties plan to distribute the notice by first-class mail to the home of each individual Class Member. Mack has a current list of the home address of every Class Member. We agree with counsel that when the parties have a list of the home addresses of the Class Members, newspaper publication is unnecessary. We find that both the content and method of dissemination of the proposed notice fully comport with due process and the requirements of Rule 23.

## IV. CONCLUSION

For the foregoing reasons, the Joint Motion will be granted.

An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.
