IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MACK TRUCKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA-UAW, et al., <br><br> Defendants. <br><br> MARTIN RACHILLA, JOSEPH E. CRAIG, JR., JOHN R. WAHLER, RONALD L. ROYER, DOROTHY GANTZ, CHARLES CULLEY DAVID MOORE, on behalf of themselves and a similarly situated class, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW, <br><br> Plaintiffs, <br><br> vs. <br><br> MACK TRUCKS, INC., and MACK TRUCKS, INC. RETIREE WELFARE BENEFIT PLAN, <br><br> Defendants. | Civil Action No. 2:07-cv-3737-RBS <br><br> R. BARCLAY SURRICK <br><br> **ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Before the Court is the parties' Joint Motion For Final Approval Of Class Action Settlement. On March 18, 2011, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Proposed Notice to the Class [ECF No. 56], attaching a proposed

1

Settlement Agreement as Exhibit A ("Settlement Agreement") and a proposed Notice to the Class. On May 12, 2011, following a hearing, the Court issued a Memorandum and Order Granting the Joint Motion for Preliminary Approval and Proposed Notice to the Class [ECF No. 64] (amended by stipulation of the parties on June 2, 2011 [ECF No. 66]). The Court set a fairness hearing on the proposed class action settlement for September 7, 2011.

The Court is satisfied that the parties have complied with the plan for distribution of the Notice to the Class approved by the Court. Counsel for Mack Trucks, Inc. has certified that the Notice to the Class and attachments were sent by First Class Mail to the current home addresses of eligible retiree and surviving spouse members of the class, on or before June 1, 2011. In addition, counsel for Mack Trucks has certified compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA"), by service of notice of the proposed class action settlement on the Attorney General of the United States and the Attorneys General of each state where a Class Member resides.

Out of over 9,000 class members, four Class Members timely filed objections in accordance with the instructions in the Notice to the Class. Class Counsel has provided the Court with objections from an additional five retirees that were mailed to Class Counsel but were not docketed by the Clerk. None of the objections raise any specific concerns as to the fairness or adequacy of the proposed settlement.

Having read and considered the Settlement Agreement, the Notice To The Class, objections filed by members of the Class, and the memorandum of law and submissions by the parties, and the Court having conducted a fairness hearing, the Court GRANTS the parties' Joint Motion For Final Approval Of Class Action Settlement and approves the settlement resolving this class action. The Court finds and concludes that the class action settlement satisfies the

requirements Fed. R. Civ. Pro. 23(e), and that it is fundamentally fair, reasonable and adequate. The Court further finds and concludes that notice of the class action settlement has been provided to the class in compliance with Fed. R. Civ. P. 23 (c)(2)(B), and that the requirements of CAFA have been satisfied.

With respect to the class action settlement approved herein the Court specifically ORDERS as follows:

1. The Court approves and incorporates by reference the Settlement Agreement [ECF No. 56] in its entirety. All claims of all parties in this consolidated case are fully and finally resolved in accordance with the terms of the Settlement Agreement. Capitalized terms in this Order are defined in the Settlement Agreement.

2. The Court confirms and incorporates by reference the Order dated September 4, 2009 in *Rachilla et al. v. Mack Trucks, Inc.*, Case No 5:09-cv-00622-TMG, certifying the Class of: all persons who as of June 1, 2009, were (a) Mack/UAW retirees who were covered by a Mack/UAW Master Agreement and who had retired from Mack with eligibility to participate during retirement in the Retiree Plan, or (b) the spouses, surviving spouses and dependents of Mack/UAW employees who were covered by a Mack/UAW Master Agreement and who, as of June 1, 2009, were eligible for post-retirement or surviving spouse health care coverage under the Retiree Plan as a consequence of a Mack/UAW employee's retirement from Mack or death prior to retirement.

3. The New Plan and the VEBA shall be administered by the VEBA Committee in accordance with the form of the Trust Agreement attached to the Settlement Agreement as Exhibit B [ECF No. 56-9]. The Committee shall be in place on or before the Initial VEBA Funding Date. The Committee shall consist of seven members, three of whom

shall be appointed by the UAW International Union, and four of whom shall be Independent members. The initial Independent members of the VEBA Committee shall be: Jack Martin, Suzanne Paranjpe, Francine Parker and Gary Petroni.

4. The Court approves the form of VEBA Trust Agreement attached to the Settlement Agreement as Exhibit B [ECF No. 56-9].

5. Mack and AB Volvo are hereby discharged from the liabilities and responsibilities specifically set forth in Sections 6.3 and 6.7 of the Settlement Agreement

6. The Court finds and declares that all payments to the VEBA made or caused to be made by Mack/AB Volvo under the Settlement Agreement are payments pursuant to § 302(c)(2) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(2).

7. The Court approves and orders payment by Mack and A.B. Volvo of the following litigation costs, which shall be treated for all purposes as payments pursuant to § 302(c)(2) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(2):

   a. Class Counsel's interim attorneys fees and costs in the amount of $365,364.05 to Sachs, Waldman P.C, as set forth in the separate order granting the *Rachilla* Plaintiffs' Unopposed Motion for Interim Award of Costs and Attorneys Fees [ECF No. 61].

   b. UAW Outside Counsel interim attorneys fees and costs in the amount of $_____ to Cleary and Josem, LLP.

   c. Fees and expenses of Milliman in the amount of $_____.

   d. Fees and expenses of Leon Potok in the amount of $_____.

    e. Fees and expenses of Dr. Nitin Paranjpe in the amount of $_____.

The Court retains jurisdiction to hear requests for payment of supplemental attorneys fees and costs and fees and expenses of professionals.

8. This Court shall retain jurisdiction to enforce the Settlement Agreement and this Approval Order and to resolve disputes respecting interpretation of or compliance therewith, subject to Sections 4.15, 7.1, 7.2 and other applicable provisions of the Settlement Agreement.

                                _____
                                Hon. R. Barclay Surrick, U.S.D.J.

Dated: